NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0678n.06

No. 08-1516

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Oct 08, 2009**
LEONARD GREEN, Clerk

| | |
|---|---|
| TERRI CONNER, | ) |
| Plaintiff-Appellee, | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| SOUTHFIELD POLICE DEPARTMENT, | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF MICHIGAN |
| Defendant, | ) |
| MICHAEL PIERONI, | ) |
| Defendant-Appellant. | ) |

BEFORE: BOGGS, ROGERS, and WHITE, Circuit Judges.

ROGERS, Circuit Judge. Detective Michael Pieroni appeals the district court's denial of summary judgment on his claim for qualified immunity. Pieroni interviewed plaintiff Terri Conner after she and her husband were arrested for carrying a concealed weapon. Mrs. Conner alleges that Pieroni kept her incarcerated even though he admitted knowing that Mrs. Conner was factually innocent of any crime. Mrs. Conner filed a 42 U.S.C. § 1983 claim, asserting that Pieroni's conduct constituted a deprivation of her liberty. Mrs. Conner does not allege that Pieroni was responsible for her continued incarceration and therefore he cannot be individually liable for any deprivation. Pieroni was therefore entitled to summary judgment.

This case arises out of the arrest and detention of Mrs. Terri Conner. At 12:11 a.m. on September 5, 2005, Southfield Police officers stopped a vehicle, allegedly for speeding. Mrs.

Conner was a passenger in that car and her husband, Rodney Conner, was driving the car. After running the vehicle through the police database, the officers noted that the car had been reported stolen, and questioned both Mrs. and Mr. Conner. Mrs. Conner asserted that the vehicle belonged to her, that it had been stolen from her home a month earlier, but that it had subsequently been recovered. Mrs. Conner produced documentation supporting this claim.

The officers allege that when they ran Mr. Conner's name through their system, they discovered a valid warrant for his arrest, and searched the car incident to that arrest. The search uncovered a gun under the console between the driver and passenger seats. Both Mrs. Conner and Mr. Conner were arrested for carrying a concealed weapon and taken to the Southfield police station.

At the police station, Mrs. Conner was questioned by Detective Michael Pieroni, who was not involved in her arrest. Mrs. Conner alleges that Pieroni attempted to coerce her into stating that her husband owned the gun. According to Mrs. Conner, Pieroni believed her husband used the gun for drug transactions and Pieroni threatened to implicate Mrs. Conner in other crimes if she did not say the gun belonged to Mr. Conner. Mrs. Conner also alleges that Pieroni admitted to her that he knew the vehicle was not stolen and that he knew the gun did not belong to Mr. Conner. Pieroni denies this allegation.

Mrs. Conner and Mr. Conner were later released from police custody. There was some dispute between the parties regarding how long the Conners were in custody. Pieroni reviewed the police reports and stated that the Conners were released at 1:33 p.m. on September 6, 2005, when a lab test did not conclusively determine that their fingerprints were on the gun. Mot. Hr'g Tr. 5-7.

On September 20, 2006, Mrs. Conner sued the Southfield Police Department and Pieroni in the Eastern District of Michigan under 42 U.S.C. § 1983. Mrs. Conner alleged that the defendants wrongfully and unlawfully arrested her and unreasonably detained her, in violation of her First, Fourth, Fifth, and Fourteenth Amendment rights. The defendants moved for summary judgment on the grounds that the Police Department was not a proper party and that Pieroni was entitled to qualified immunity. Mrs. Conner conceded that she did not have a valid claim against the Police Department, and the district court dismissed the Police Department as a defendant. Pl.'s Resp. to Def.'s Mot. Summ. J. 4; Mot. Hr'g Tr. 3; Order Den. Def.'s Mot. Summ. J. 1-2. The district court denied summary judgment as to Pieroni. *Id.* The court noted that Mrs. Conner was held for "a pretty brief period," but did not explicitly find facts regarding how long Mrs. Conner was held. (Mot. Hr'g Tr. 15.) The court stated that because Mrs. Conner alleged that Pieroni knew she was not guilty of anything, the facts construed in the light most favorable to Mrs. Conner were "sufficient evidence of a violation, a slight violation of her constitutional rights." Mot. Hr'g Tr. 17.

Pieroni now appeals. We have jurisdiction to review the denial of qualified immunity on interlocutory appeal because Pieroni raises a legal issue. *See Johnson v. Jones*, 515 U.S. 304, 309-13 (1995); *Williams v. Mehra*, 186 F.3d 685, 689-90 (6th Cir. 1999) (en banc).

Under the facts, assumed by the district court and construed in Mrs. Conner's favor, Pieroni did not violate Mrs. Conner's constitutional rights. Determining whether such a violation exists is one of the two steps in the qualified immunity analysis. *See Pearson v. Callahan*, 129 S. Ct. 808, 816 (2009). Mrs. Conner argues both that she was illegally arrested without probable cause and that she was unreasonably detained given that Pieroni knew she was factually innocent.

The claim for illegal arrest cannot be made against Pieroni individually, because he was not present at the arrest and he did not make the decision to arrest. *See Davis v. Fentress County*, 6 F. App'x 243, 250 (6th Cir. 2001). In any event, there was probable cause to arrest Mrs. Conner for carrying a concealed weapon, defined in Michigan as "carry[ing] a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, . . . without a license [to carry the pistol]." Mich. Comp. Laws Ann. § 750.227(2) (West 2009). The gun was hidden in a car owned and occupied by Mrs. Conner and she did not produce a license, undoubtedly supplying "facts and circumstances . . . sufficient to warrant a prudent person . . .in believing . . . that the suspect ha[d] committed . . . an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979); *see also Logsdon v. Hains*, 492 F.3d 334, 342 (6th Cir. 2007).

Pieroni also cannot be held individually liable for any deprivation of liberty Mrs. Conner suffered in her detention, because Mrs. Conner has not asserted that Pieroni was responsible for the decision to keep her in custody. Section 1983 only provides a cause of action where the officer "subjects, or causes to be subjected," an individual to the deprivation of a constitutional right. The defendants specifically alleged that Pieroni's "only involvement" with the case was that he conducted the interview of Mrs. Conner. In response, Mrs. Conner failed to allege that Pieroni had the authority to make a decision regarding her release. In fact, when Mrs. Conner's lawyer questioned Pieroni about whether Mrs. Conner was released to go home, Pieroni responded that he was unaware about the details regarding Mrs. Conner's release. Pieroni cannot be held liable because Mrs. Conner has not alleged that Pieroni's actions were the cause of her injuries and

"individual liability of officials under section 1983 must be based on their own unconstitutional behavior . . . ." *Davis*, 6 F. App'x at 250.

Because there was no constitutional violation, we need not address whether the constitutional right was clearly established, the other step of the qualified immunity analysis. *See Pearson*, 129 S. Ct. at 818.

Because Pieroni was entitled to summary judgment on the basis of qualified immunity, the judgment of the district court is reversed.